**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: info@kelsenlaw.com

| | |
|---|---|
| **SAUL FALACK,** Plaintiff(s), v. **DISCOVER CARD INC.,** and **ABC COMPANY, INC., JOHN DOES (1-10),** Defendant(s) | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**  **CIVIL ACTION: 3:16-cv-00821-PGS-TJB**  **AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |

Plaintiff **SAUL FALACK** ("Plaintiff"), by and through his attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, as and for his Second Amended Complaint against the Defendant **DISCOVER CARD INC.** and **JOHN DOE (1-10)** (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA). Plaintiff filed a Complaint in this action, and is subsequently amending his Complaint as of right.

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Ocean, residing in Lakewood, New Jersey.

3. **DISCOVER CARD INC**. (hereinafter "Discover") is a Delaware Corporation with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

6. Plaintiff resides at 228 Governors Road in Lakewood, NJ 08701-1463.

7. Discover Card, Inc. is a Delaware Corporation with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

8. **ABC CORPORATION, INC.**, is a fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

9. **JOHN DOES 1-10**, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

10. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

11. The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

12. The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS after prior express consent was revoked.

13. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to... any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

14. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over seventy times (70) times.

15. Plaintiffs are seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

16. On or about 2007, the Plaintiff opened a credit card account with the Defendant Discover Card.

17. Due to unforeseen circumstances, Plaintiff fell behind on payments to the Defendant.

18. During that time period, beginning on or about January 10, 2016 the Plaintiff started receiving numerous phone calls from Discover Card on his cell phone number of 646-269-9871.

19. Plaintiffs is the sole subscriber of the Verizon Wireless cellular phone account bearing the phone number of 646-269-9871, and has been the sole subscribers of that account at all times relevant hereto.

20. Plaintiff is the sole parties financially responsible for the payment of the Verizon Wireless account bearing the phone number of 646-269-9871, and has been the sole party financially responsible for that account at all times relevant hereto.

21. The above referenced number is part of a "family plan" and is associated with a cellular phone usually utilized by the Plaintiff **SAUL FALACK**.

22. Plaintiff **SAUL FALACK** is and has been the regular user of that phone number at all times relevant hereto.

23. Plaintiff is the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on his cellular telephone number 646-269-9871.

24. On or around January 10, 2016, Plaintiff called the Defendant requesting that all communication to his cell phone cease, and revoking any consent he may have given for him to receive phone calls regarding this account.

25. Defendant continued contacting the Plaintiff via telephone numerous times in an attempt to collect the past due on these accounts

26. Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

27. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

28. On most of these calls, including a call on January 11, 2015, there would be an electronic beep.

29. Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 70 calls to the Plaintiff in a one month period, the placement of several calls to the Plaintiff per day, and the telltale clicks and pauses on the line when the Plaintiff would answer the phone.

30. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

31. Defendant refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice messages.

32. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

33. The Defendant therefore willfully violated the TCPA numerous of times by placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone without his prior, express consent and after he expressly instructed the Defendant to cease calling her.

34. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was deprived of his use of his cellular phone during the times that the Defendant was calling his phone.

35. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

36. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

37. Defendant refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and

prerecorded voice messages.

38. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

39. The Defendant therefore willfully violated the TCPA numerous of times by placing autodialled calls and prerecorded messages to the Plaintiff's cell phone without his prior, express consent and after he expressly instructed the Defendant to cease calling her.

40. Plaintiff has suffered actual damages because the Defendant's calls to her cell phone unnecessarily reduced the number of minutes he is allotted per month in her cell phone plan, which has limited minutes as a part of his cellular rate plan.

41. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of his use of his cellular phone during the times that the Defendant was calling his phone.

42. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

43. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

A. A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the

complaint.

Dated: May 25, 2016                                          /s/ Benjamin G. Kelsen, Esq.
                                                             **THE LAW OFFICES OF**
                                                             **BENJAMIN G. KELSEN, ESQ. LLC**
                                                             *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Benjamin G. Kelsen, Esq. the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 25, 2016                                          /s/ Benjamin G. Kelsen, Esq.
                                                             **THE LAW OFFICES OF**
                                                             **BENJAMIN G. KELSEN, ESQ. LLC**
                                                             *Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third

party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: May 25, 2016                               /s/ Benjamin G. Kelsen, Esq.
                                                             **THE LAW OFFICES OF**
                                                             **BENJAMIN G. KELSEN, ESQ. LLC**
                                                             *Attorneys for Plaintiff*